**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ANDRA CHERI MORELAND a/k/a ANA CHERI, BRENDA GEIGER, JESSICA "CHARM" KILLINGS, CLAUDIA SAMPEDRO, JESSICA BURCIAGA; KEELEY HAZELL; PAOLA CANAS; AND VIDA GUERRA | Case No. 6:19-cv-00372 |
| Plaintiffs', | **COMPLAINT**<br><br>(Jury Trial Demanded) |
| - against - | |
| A-Q-B, LLC D/B/A BABES GENTLEMEN'S CLUB OF NOLANVILLE | |
| Defendants. | |

Plaintiffs, ANDRA CHERI MORELAND a/k/a ANA CHERI, BRENDA GEIGER, JESSICA "CHARM" KILLINGS, CLAUDIA SAMPEDRO, JESSICA BURCIAGA; KEELEY HAZELL; PAOLA CANAS; and VIDA GUERRA , ("Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendants A-Q-B, LLC DBA BABES GENTLEMEN'S CLUB OF NOLANVILLE (collectively "Defendants" or "BABES GENTLEMEN'S CLUB"), respectfully alleges as follows:

**BACKGROUND**

1.      This is an action for damages and injunctive relief relating to Defendants' misappropriation and unauthorized publication of images of Plaintiffs, who are world-renowned professional models, in order to promote its strip clubs, A-Q-B, LLC dba Babes Gentlemen's Club of Nolanville (collectively " Babes Gentlemen's Club" or "Defendants").

2.      As detailed below, Defendants' unauthorized use of Plaintiffs' images, photos, and

likenesses (collectively, "Images") constitutes, at minimum: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B), which prohibits false or misleading use of a person's image for purposes of advertising; b) violation of Violation of Texas laws which protects a person's right to privacy and publicity; c) defamation.

3.      In addition to the actual, punitive and exemplary damages set forth below, Plaintiffs likewise seeks an Order from this Court permanently enjoining Defendants from using her Image to promote Babes Gentlemen's Club, via any medium.

**JURISDICTION & VENUE**

4.       This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs has stated claims under, *inter alia*, the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B).  This Court also has subject matter jurisdiction the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

5.      As set forth immediately below, Plaintiffs ANDRA CHERI MORELAND a/k/a ANA CHERI, BRENDA GEIGER, JESSICA "CHARM" KILLINGS, CLAUDIA SAMPEDRO, JESSICA BURCIAGA; KEELEY HAZELL; PAOLA CANAS; and VIDA GUERRA are, and at all times relevant to this action have been, professional models.

6.      According to publicly available records, Defendant A-Q-B, LLC d/b/a BABES GENTLEMEN'S CLUB OF NOLANVILLE is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas doing business as a strip club in Nolanville, Texas under the name Babes Gentlemen's Club at 4100 US-190, Nolanville, Tx 76559 in Nolanville, Texas.

7.      According to publicly available records, Defendants A-Q-B, LLC D/B/A BABES GENTLEMEN'S CLUB OF NOLANVILLE is a Limited Liability Company organized and

existing pursuant to the laws of the State of Texas doing business as a strip club in Nolanville, Texas under the name Babes Gentlemen's Club at 4100 US-190.

8.      According to publicly available records, Defendants A-Q-B, LLC D/B/A BABES GENTLEMEN'S CLUB OF NOLANVILLE is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas formerly doing business as a strip club in Nolanville, Texas under the name Babes Gentlemen's Club and currently doing business as Babes Gentlemen's Club at 4100 US-190 Nolanville, Texas.

9.      Venue is proper in the United States District Court for the Western District of Texas because Bell County is the principal place of business for all Defendants.

10.     All parties have minimum contacts with Bell County, a significant portion of the alleged causes of action arose and accrued in Bell County, Texas, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Bell County.

## **PARTIES**

### *Plaintiffs*

11.     Plaintiff ANDRA CHERI MORELAND a/k/a ANA CHERI is an individual residing in the State of California.

12.     Plaintiff BRENDA GEIGER is an individual residing in the State of New York.

13.     Plaintiff JESSICA "CHARM" KILLINGS is an individual residing in the State of California.

14.     Plaintiff CLAUDIA SAMPEDRO is an individual residing in the State of California.

15.     Plaintiff JESSICA BURCIAGA is an individual residing in the State of Georgia

16.     Plaintiff KEELEY HAZELL is an individual residing in the State of California.

17.     Plaintiff PAOLA CANAS is an individual residing in the State of California.

18.     Plaintiff VIDA GUERRA is an individual residing in the State of California.

**Defendants**

19.     According to publicly available records, Defendant A-Q-B, LLC d/b/a BABES GENTLEMEN'S CLUB is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas doing business as a strip club in Nolanville, Texas under the name Babes Gentlemen's Club at 4110 US-190 in Nolanville, Texas.

20.     According to publicly available records, Defendants A-Q-B, LLC D/B/A BABES GENTLEMEN'S CLUB is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas doing business as a strip club in Nolanville, Texas under the name Babes Gentlemen's Club  at 4110 US - 190.

21.     According to publicly available records, Defendants A-Q-B, LLC. D/B/A BABES GENTLEMEN'S CLUB is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas currently doing business as Babes Gentlemen's Club at 4110 US – 190 in Nolanville, Texas.

## FACTUAL ALLEGATIONS

22.     As set forth immediately below, Plaintiffs are well-known professional models who earn their livelihood modeling and selling their identity, image and likeness (collectively "Images") to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

23.     Babes Gentlemen's Club's misappropriated Plaintiffs' images and likenesses and repeatedly published of them in a defamatory manner.  Babes Gentlemen's Club's violations are

ongoing.

24.     There is no question that Babes Gentlemen's Club or parties acting on its behalf misappropriated the images and likenesses of the Plaintiffs for the purpose of using the value of the Plaintiffs' Images for the value associated with them.   Plaintiffs are internationally known for gracing the covers of countless mainstream publications in addition to having careers in television and film.  All of the Plaintiffs are easily identifiable at a glance.  Moreover, Babes Gentlemen's Club undoubtedly received a benefit from its unauthorized use of the Plaintiffs' Images.  The Plaintiffs have suffered damages as a result of Babes Gentlemen's Club's conduct.

25.     Andra Cheri Moreland a/k/a Ana Cheri, is a published model who has worked with companies such as Monster Energy, K&N Filters, Moskova Underware and Ultimate Arm wrestling League. She became a brand ambassador for Shredz, was featured as a Maxim Instagram Girl of the Week. She is also *Playboy's* Playmate of the Month (October 2015). Ana has 12.1 million followers on Instagram, 228,000 followers on Twitter, and over 6.4 million followers on Facebook.

26.     Babes Gentlemen's Club misappropriated Ms. Moreland's Image and placed it on a social media post for Babes Gentlemen's Club, a sexually-oriented business, for the club's "Naked Nude Years" event occurring on New Year's Eve.  The image of Ms. Moreland's was deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Morland's and is defamatory on its face.  The image was circulated via print and via social media on many occasions by Babes Gentlemen's Club.

27.     Brenda Lynn Geiger is a hip-hop/eye candy model and actress who appeared with 8-time Grammy nominee rapper Lil Wayne in Singer Keri Hilton's music video "Ms. Office". Ms.

Geiger, known as the Jersey Gem, is perhaps best known for her work for Glamour and an appearance on The Howard Stern Show in a Miss HTW March contest. Ms. Geiger has been featured in numerous men's magazines show as *Show, Maxim,* and *Raw.* Ms. Geiger has been featured on numerous product campaigns, such as Primitive Clothing, where she has her own custom skateboard decks which originally sold out but are now back in production.

28.    Babes Gentlemen's Club misappropriated Ms. Geiger's Image and placed it on postings on its social media sites.  The images were promotions for Babes Gentlemen's Club, a sexually-oriented business.  The image includes a picture of Ms. Geiger in a black dress next to bottles of Cîroc captioned as follows, "Yesss!!!!! We have made it to the hump. It's all downhill from here. Come party with the best at the one and only Babes Gentlemen's Club!" The image of Ms. Geiger was deliberately positioned on the promotional materials to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Geiger and is defamatory on their faces.  The image was circulated via print and via social media by Babes Gentlemen's Club.

29.    Jessica "Charm" Killings has been nothing short of stunning ever since she hit the modeling scene. Her striking appeal has her appearing in every major magazine such as *SHOW, Blackmen, Straight Stuntin, Smooth, Mixed Magazine*, and many more. Ms. Killings has also appeared in various music videos as the lead talent which include, Far East Movement ft. Snood Dog's vide "OMG", Slim Thug and Baby Bash's video "Swananana", Big Sean and Chris Brown's video "My Last", Bow Wow's video "Pretty Lady", and Jay Sean ft. Nicki Minaj's video "2012". Ms. Killings has 1.2 million followers on Instagram, and 52,2000 followers on Twitter.

30.    Babes Gentlemen's Club misappropriated Ms. Killing's image and likeness and placed it on social media and internet posts for Babes Gentlemen's Club, a sexually oriented

business.  The image features Ms. Killings in a sexually provocative outfit with the slogan "Featuring beautiful women of all ethnicities" next to it below the club's logo.  The image of Ms. Killings was deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Killings and is defamatory on its face.  The image was circulated via print and via social media by Babes Gentlemen's Club.

31.     CLAUDIA SAMPEDRO started her classic ballet studies at the age of four at the Centro de la Cultura in Santiago, Dominican Republic. She later moved on to the ICA, (Instituto de Cultura y Arte), where she excelled as one of the most gifted students of the academy. After graduating with honors from the ICA and the Ballet School of Norma Garcia with a Bachelor's in Art with mention to Classic Ballet, she became part of the Dominican Nacional Ballet as the youngest soloist member in 2002. Partaking in all major classic and modern shows in the Dominican Republic, she is nominated twice by the Secretaria de Estado de la Juventud for her work in the category of Cultural Development. She initiated her modeling career in 2004, participating in magazines and television for prestigious Dominican enterprises. Rosa moves to United States in 2006 where her career takes a new turn, distinguishing herself in several areas of the modeling world, featuring in magazines, radio, tv programs and commercials and numerous music videos. She has 2.5 million Facebook followers, 1 million Instagram followers, and 316,000 Twitter followers.

32.     Babes Gentlemen's Club misappropriated Ms. Sampedro's image and likeness and placed it on social media for Babes Gentlemen's Club, a sexually-oriented business.  The image features Ms. Sampedro in a sexually provocative outfit with the slogan "Featuring beautiful women of all ethnicities" next to it below the club's logo.  The image of Ms. Sampedro was

deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club. The image was used without the permission of Ms. Sampedro and is defamatory on its face. The image was circulated via print and via social media by Babes Gentlemen's Club.

33.     Vida Guerra is a Cuban model who currently lives the United States. While growing up, she entered several fashion shows modeling swimwear and has appeared in dozens of music videos. Her first national exposure came when she appeared in a lingerie spread for FHM in December of 2002. The magazine later reported that following its publication, almost one third of their mail was from readers demanding more photos of her. She was called back for more photo shoots and became "FHM's Model of the Year" in 2004. Since then, Ms. Guerra has been featured in many magazines, including DUB, Smooth, Escape, and Open Your Eyes, often as the cover model. Ms. Guerra has made multiple appearances on several Spanish language television programs such as entertainment gossip show, El Gordo y la Flaca (The Fat Guy and The Skinny Girl). She has also became a staple in music videos, appearing in "Shake Ya Tailfeather" (Nelly, P. Diddy, and Murphy Lee, from the Bad Boys II soundtrack, 2003) and "The New Workout Plan" (Kanye West, 2004), in "Obsession (No Es Amor)" (Frankie J ft. Baby Bash, 2005), among others. In addition, Ms. Guerra has appeared in a commercial for Burger King's Tender Crisp Bacon Cheddar Ranch, a number of sketches on Chappelle's Show, and the film, National Lampoon's Dorm Daze 2. She lent her voice to the video game, Scarface: The World Is Yours. In 2005, Ms. Guerra was voted Number 26 in FHM's "Top 100 Sexiest Females" and has been named the winner of the magazine's "Best Butt Award". She has produced her own swimsuit calendars (and accompanying "behind the scenes" DVDs) and a 2006 DVD titled, Vida Guerra: Exposed. She continues to be extremely in demand as a spokeswoman for fitness and fitness equipment, TV shows, and movies. Ms. Guerra enjoys over 399,000 Instagram followers, over 1,607,056

Facebook likes, and 290,000 Twitter followers.

34.     Babes Gentlemen's Club misappropriated Ms. Guerra's image and likeness and placed it on social media and for Babes Gentlemen's Club, a sexually-oriented business, for the club's Sunday event.  The images feature Ms. Guerra in a red bra with matching panties with a caption that read, "Sunday's…… Babes Gentlemen's Club".  The images of Ms. Guerra were deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The images were used without the permission of Ms. Guerra and are defamatory on their faces. The images were circulated via print and via social media by Babes Gentlemen's Club.

35.     Keeley Rebecca Hazell is an English model, musician, singer and actress.  Hazell became one of Britain's most successful glamour models, working with brands such as Page 3, *FHM*,[3] *Loaded*, *Nuts* and *Zoo Weekly*.  She has also made numerous television appearances and has, more recently, focused on her acting career, appearing in films such as *Horrible Bosses 2* (2014).

36.     Babes Gentlemen's Club misappropriated Ms. Hazell's image and likeness and placed it on social media for Babes Gentlemen's Club, a sexually-oriented business.  The image features Ms. Hazell in a white tank top and swimsuit bottoms on the "Babes Fall 2018" flyer with 3 other women.  The image of Ms. Hazell was deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Hazell and is defamatory on its face.  The image was circulated via print and via social media c by Babes Gentlemen's Club.

37.     Jessica Burciaga is a model and a business owner from Orange County, CA. She is of Mexican, French, and Irish descent. Ms. Burciaga began modeling in 2005 when she submitted a few photos to *Stuff Magazine*. The magazine responded by flying her out to New York for a photo

shoot. After Ms. Burciaga's first photo shoot, she won *Stuff Magazine's* "Neighborhood Knockout" contest.  The prize was $5,000, a 4-page spread in the magazine, and an appearance as a ring girl in EA Sports *Fight Night Round* 3 video game. Ms. Burciaga's popularity rose quickly and she began appearing in various magazines including *Playboy, Maxim, Import Tuner, Modified Mag, Performance Auto & Sound, Show Latina, Lowrider Magazine*, and many others. Ms. Burciaga was the *Playboy* Playmate of the Month for February 2009 and has appeared as herself in several episodes of the reality TV series *The Girls Next Door*. Recently she has been focusing on various business ventures including a women's online clothing boutique, www.SailorandSaint.com. Ms. Burciaga's social media reach has hit 1,400,000 followers on Instagram, over 285,000 Facebook likes, and 202,000 followers on Twitter.

38.     Babes Gentlemen's Club misappropriated Ms. Burciaga's image and likeness and placed it on social media for Babes Gentlemen's Club, a sexually-oriented business, The image features Ms. Burciaga in a black bikini top with boxing equipment and was used to promote the "Khabib v. McGregor Official After Party" at the club  .  The image of Ms. Burciaga was deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Burciaga and is defamatory on its face.  The image was circulated via print and via social media by Babes Gentlemen's Club.

39.     Paola Canas is a Colombian born model now residing and working in the United States. Ms. Canas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Ms. Canas has worked runway shows in her native Colombia, as well as Mexico, Ecuador, United States, and most recently in Paris, France. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Ms. Canas was chosen as the face of the Masters

Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such as Telemundo and TV Azteca. Ms. Canas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Ms. Canas has 178,000 Instagram followers and over 6,937 Facebook likes.

40.     Babes Gentlemen's Club misappropriated Ms. Canas' image and likeness and placed it on social media for Babes Gentlemen's Club, a sexually-oriented business, with the slogan "Back to School with Babes" next to it.  The image features Ms. Canas in a provocative school girl costume.  The image of Ms. Canas was deliberately positioned to imply that she was a stripper working at the club or that she endorsed the club.  The image was used without the permission of Ms. Canas and is defamatory on its face.  The image was circulated via print and via social media by Babes Gentlemen's Club.

41.     None of the Plaintiffs consented to Babes Gentlemen's Club's use of the images. The Plaintiffs are all talented, highly successful models who earn substantial amounts of money by promoting and protecting their images and likenesses to various clients and take great pride in their reputation in their industry.  It is common knowledge that any improper or unauthorized use of their images or likenesses will substantially injure their careers.  All of the aforementioned images are labelled as Exhibits A-G and are attached in redacted form to this Complaint featuring the names of each Plaintiff above her image.

42.     Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize earning potential, book modeling contracts, and establish each of their individual brands.  In furtherance of establishing, and

maintaining their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they choose to model.

43.     Plaintiffs' Images were misappropriated, by the Defendants in order to make it appear that they worked at, promoted, or endorsed Babes Gentlemen's Club.

44.     In the case of each and every depiction featuring Plaintiffs' Images, such appearances were false.

45.     Moreover, in each and every case, this misappropriation occurred without any Plaintiffs' knowledge, consent, or authorization and at no point did Plaintiffs ever receive any remuneration for Defendants' improper and illegal use of their Images, and Defendants' improper and illegal use of Plaintiffs' Images has caused Plaintiffs to suffer substantial damages.

46.     That we know of, Plaintiffs were depicted in social media, website, and other Internet posts in order to promote Babes Gentlemen's Club.  These posts were intentionally designed to make it appear that Plaintiffs are either strippers working at Babes Gentlemen's Club, promoted Babes Gentlemen's Club, or endorsed the club.

47.     No Plaintiff has ever been employed at Babes Gentlemen's Club or any other sexually-oriented business and has never (and would never) agree to sign away her Image rights to be used in any way that affiliates her with Babes Gentlemen's Club.

48.     Plaintiffs have never been hired to endorse Babes Gentlemen's Club, have received no remuneration for Defendants' unauthorized use of their Images, and have suffered, and will continue to suffer, damages as a result of Defendants' use of their Images.

### *Ownership of Images*

49.     All Plaintiffs have reviewed the imagery in question and have positively identified themselves as the models depicted in the doctored internet and social media posts used by

Defendant Clubs to market and promote the Clubs.   As described more specifically for each Plaintiff above, some of the photographs used to create the strip club advertisements were taken professionally and a release was signed at the time of the photo shoot.  However, no Plaintiff ever released her Right to Privacy, Publicity, or the right to any third party to sell her image to any third-party not a party to the original release without her permission.  No Plaintiff ever agreed to promote a strip club via the imagery taken by Babes Gentlemen's Club.

50.     Additionally, if any release was signed, it did not give any person rights to use the photographs into perpetuity.  The industry standard varies, but a model rarely, if ever, signs a release of all rights into perpetuity for the use of her image.  Moreover, if a release was signed, it did not include a release of the Plaintiffs' publicity rights and, in fact, several of the releases specifically stated that Plaintiffs retained their right to publicity.  The right to a person's image and likeness is not copyrightable and, therefore, Plaintiffs are not asserting copyright claims.

51.     Moreover, as described more specifically for each Plaintiff above, some of the photographs were taken as "selfies" and are therefore fully owned by the individual Plaintiff or they were taken for personal use in an individual Plaintiff's portfolio in order to allow her to market herself to new clients.  In these cases, no release was signed and no copyright interest was asserted. In these cases, as above, each Plaintiff fully retained her right to publicity and privacy and in no case did any Plaintiff ever agree, nor did any third party hold the right to agree on her behalf, that Defendants could use her image and likeness in order to market, promote, or endorse their strip clubs.  Based on these rights, Plaintiffs assert the Causes of Action described below.

### Defendants' Business

52.     Upon information and belief, Q-A-B, LLC d/b/a BABES GENTLEMEN'S CLUB OF NOLANVILLE operates a strip club under the name Babes Gentlemen's Club that engage in

the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele.

53.    Q-A-B, LLC D/B/A BABES GENTLEMEN'S CLUB, does this for their own commercial and financial benefit.

54.    Q-A-B, LLC D/B/A BABES GENTLEMEN'S CLUB, have used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that Plaintiffs either worked as strippers at Babes Gentlemen's Club, promoted Babes Gentlemen's Club, or endorsed Babes Gentlemen's Club.

55.    Q-A-B, LLC D/B/A BABES GENTLEMEN'S CLUB  used Plaintiffs' Image, and created the false impression that they worked at or endorsed Babes Gentlemen's Club in order to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

56.    As Babes Gentlemen's Club was at all times aware, at no point have Plaintiffs ever been affiliated with or employed by Babes Gentlemen's Club, and at no point have Plaintiffs ever endorsed Babes Gentlemen's Club.

57.    All of Babes Gentlemen's Club's activities, including its misappropriation of Plaintiffs' Images, and publication of them, were done without the knowledge or consent of Plaintiffs, and Babes Gentlemen's Club did not compensate Plaintiffs for its use of their Images.

58.    As such, Plaintiffs have never received any benefit for Babes Gentlemen's Club's use of their Images.

*Standard Business Practices in the Modeling Industry*

59.     It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

60.     The fee that a professional model, such as each of the Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) the location where the photo shoot takes place, and the length thereof; c) where and how the Image are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned.  Most licenses to use a model's image are for 1, 2, or 3-year terms; but almost never is there a "lifetime" term.

*Defendants' Misappropriation of Plaintiffs' Images*

61.     As detailed above, Defendants knowingly, and without the prior consent of the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote Babes Gentlemen's Club, by and through the use of internet posts, social media posts, and the creation and distribution of collateral materials such as flyers, posters, and cards.

62.     Defendants showcased Plaintiffs' Images on the Babes Gentlemen's Club materials in order to create the false impression that Plaintiffs worked at Babes Gentlemen's Club, or endorsed the club.

63.     Defendants did so in order to attract clientele to Babes Gentlemen's Club, promote Babes Gentlemen's Club, and thereby generate revenue for Defendants.

64.     Defendants were aware that, by using Plaintiffs' Image, they were violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential

customers that Plaintiffs worked at and/or endorsed Babes Gentlemen's Club.

65.     Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their reputation, character, and current career.  This is especially so insofar as each of Plaintiffs' Images have been associated with a strip club, and the implication of Defendants' use of Plaintiffs' Images is that she is a stripper working in a sexually-oriented business.

66.     At no point was Plaintiffs ever affiliated with Babes Gentlemen's Club or Defendants.

67.     Plaintiffs' Images were used without their consent.

68.     At no point were Plaintiffs ever contacted by Defendants, or any representative of any of the Defendants, to request the use of Plaintiffs' Images.

69.     No Defendants ever obtained, either directly or indirectly, permission to use Plaintiffs' Images.

70.     No Defendants ever paid any Plaintiffs for use of their Images on any promotional materials, including the Babes Gentlemen's Club billboards, social media, Internet, or other promotional materials.

71.     Defendants used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiffs of their right to determine the use their Images.

72.     Upon information and belief, Defendants have taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiffs.

### FIRST CAUSE OF ACTION
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq*.:
False Endorsement)**

73.      Plaintiffs hereby repeat and re-allege each and every allegation set forth in the

preceding paragraphs as if fully set forth herein.

74.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq***.** apply to Defendants, and protect Plaintiffs from the conduct described herein.

75.     Defendants used Plaintiffs' Image, *inter alia*, in order to create the false impression with the public that Plaintiffs either worked at Babes Gentlemen's Club as strippers or endorsed the sexually-oriented business.

76.     This was done to promote and attract clientele to Babes Gentlemen's Club, and thereby generate revenue for the Defendants.

77.     Thus, this was done in furtherance of Defendants' commercial benefit.

78.     Despite the fact that Defendants were at all times aware that the Plaintiffs neither worked at, nor endorsed, Babes Gentlemen's Club, Defendants nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Babes Gentlemen's Club.

79.     Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship and/or employment at Babes Gentlemen's Club.

80.     Upon information and belief, Defendants' use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of Babes Gentlemen's Club, and the goods and services provided by Babes Gentlemen's Club.

81.     Due to Defendants' unauthorized use of Plaintiffs' Images  in order to create a false endorsement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial, but in all events, not less than seventy five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

## SECOND CAUSE OF ACTION
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)

82.     Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendants and protects Plaintiffs from the conduct described herein.  Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .".  15 U.S.C. §1125(a)(1)(B).

83.     Defendants used Plaintiffs' images, likenesses and/or identities as described herein without authority in order to create the perception that Plaintiffs worked at or were otherwise affiliated with Babes Gentlemen's Club, endorsed Defendants' business and activities, and/or consented to or authorized Defendants to use their Images in order to advertise, promote, and market Defendants' business, Babes Gentlemen's Club, and/or Babes Gentlemen's Club's events and activities.

84.     Defendants' use of Plaintiffs' images, likenesses and/or identities to advertise, promote and market Defendants' business, Babes Gentlemen's Club, and/or Babes Gentlemen's Club's events and activities as described in this Complaint was false and misleading.

85.     Defendants' unauthorized use of Plaintiffs' images, likenesses and/or identities as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Plaintiffs worked at or was otherwise affiliated with Babes Gentlemen's Club, endorsed Defendants' business, Babes Gentlemen's Club or Babes Gentlemen's Club's events or activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants business or Babes Gentlemen's Club's events and activities and/or that Plaintiffs would participate in or appear at the specific events promoted in the advertisements.

86.     Defendants' false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Babes Gentlemen's Club, as to the general quality of attendees and participants of Babes Gentlemen's Club and in its events, as well as specifically whether Plaintiffs worked at or were otherwise affiliated with Babes Gentlemen's Club, endorsed Defendants' business, Babes Gentlemen's Club or Babes Gentlemen's Club's events or activities, or consented to or authorized Defendants' usage of their images in order to advertise, promote, and market Defendants' business or Babes Gentlemen's Club's events and activities.

87.     Upon information and belief, Defendants' false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiffs worked at or were otherwise affiliated with Babes Gentlemen's Club, endorsed Defendants' business, Babes Gentlemen's Club or Babes Gentlemen's Club's events and activities, or consented to or authorized Defendants' usage of their Images in order to advertise, promote, and market Defendants' business or Babes Gentlemen's Club's events and activities.

88.     Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Babes Gentlemen's Club, visit Babes Gentlemen's Club, and participate in events at Babes Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Babes Gentlemen's Club, visit Babes Gentlemen's Club and take part in the events at Babes Gentlemen's Club.

89.     Defendants' advertisements, promotions and marketing of Babes Gentlemen's Club and events at Babes Gentlemen's Club occur in and are targeted to interstate commerce.  Specifically, Defendants promotes its business and events through interstate

promotions and campaigns to target persons from different states throughout the United States. Defendants principally uses the World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Babes Gentlemen's Club events.

90.    Defendants' unauthorized use of Plaintiffs' images, likenesses and/or identities as described herein was designed to benefit Defendants' business interests by, among other things, promoting Babes Gentlemen's Club and its activities and attracting clientele to Babes Gentlemen's Club.

91.    Defendants knew or should have known that its unauthorized use of Plaintiffs' images, likenesses and/or identities would cause consumer confusion as described in this Complaint.

92.    Defendants' unauthorized use of Plaintiffs' images, likenesses and/or identities as described herein violates 15 U.S.C. §1125(a) and was wrongful.

93.    Defendants' wrongful conduct as described herein was willful.

94.    As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

95.    Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiffs of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiffs.

96.    The method and manner in which Defendants used the Images of Plaintiffs further evinces that Defendants were aware of or consciously disregarded the fact that Plaintiffs did not consent to Defendants' use of their Images to advertise Defendants' business.

97.    Defendants has caused irreparable harm to Plaintiffs, their reputations and brands

- 20 -

by attributing to Plaintiffs the strip club lifestyle and activities at Babes Gentlemen's Club.

98.     Defendants' unauthorized use of Plaintiffs' images, likenesses and/or identities directly and proximately caused and continue to cause damage to Plaintiffs in an amount to be determined at trial.

99.     Plaintiffs respectfully request that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendants' unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

### THIRD CAUSE OF ACTION
**(Violation of Texas Right to Privacy)**

100.     Plaintiffs hereby repeat and re-allege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

101.     All Plaintiffs have reviewed the imagery in question and have positively identified themselves as the models depicted in the doctored Internet and social media posts used by Defendants to market and promote the Babes Gentlemen's Club.  As described more specifically for each Plaintiff above, some of the photographs used to create the strip club advertisements were taken professionally and a release was signed at the time of the photo shoot.  However, no Plaintiff ever released her Right to Privacy, Publicity, or the right to any third party to sell her image to any third-party not a party to the original release without her permission, especially a strip club.

102.     Moreover, if a release was signed, it did not include a release of the Plaintiffs' publicity rights and, in fact, several of the releases specifically stated that Plaintiffs retained their rights to publicity.  The right to a person's image and likeness is not copyrightable and, therefore, Plaintiffs are not asserting copyright claims.

103.     Moreover, as described more specifically for each Plaintiff above, some of the

photographs were taken as "selfies" and are therefore fully owned by the individual Plaintiff or they were taken for personal use in an individual Plaintiff's portfolio in order to allow her to market herself to new clients.  In these cases, no release was signed and no copyright interest was asserted. In these cases, as above, each Plaintiff fully retained her right to publicity and privacy and in no case did any Plaintiff ever agree, nor did any third party hold the right to agree on her behalf, that Defendant could use her image and likeness in order to market, promote, or endorse its strip club. Based on these rights, Plaintiffs assert the Causes of Action described below.

104.   As set forth herein, Defendants have violated by invading Plaintiffs' privacy, misappropriating their likenesses, and publishing on the Babes Gentlemen's Club materials the altered Images of Plaintiffs which made it appear as though Plaintiffs were employed at Babes Gentlemen's Club, or endorsed the strip club.   Defendants misappropriated the Plaintiffs' Images for the value associated with them and for their own benefit.  All of the images misappropriated by Defendant were republished many times in different formats to substantially different audiences on many occasions.  Each publication is a new violation of Plaintiffs' rights.   The appropriation was neither incidental nor for a newsworthy purpose; rather, the images were misappropriated by Defendant, or third parties acting on their behalf, for their own benefit because of the commercial standing, reputation, and other values associated with the Plaintiffs' Images.

105.   At all relevant times, the Babes Gentlemen's Club internet, social media, and collateral materials were used by Defendants for advertising and trade purposes.

106.   The Babes Gentlemen's Club internet, social media, and collateral materials were designed to attract business to Babes Gentlemen's Club and generate revenue for Defendants.

107.   Upon information and belief, Defendants' use of Plaintiffs' Images did in fact attract clientele and generate business for Babes Gentlemen's Club.

108.    At no point did any Defendants ever receive permission or consent, be it written or otherwise, to use any Plaintiffs' Images on the Babes Gentlemen's Club internet, social media, and collateral materials were or anywhere else.

109.    Defendants were at all relevant times aware that they never received any Plaintiffs permission or consent to use their Images on any website or social media account, or on any other medium in order to promote Babes Gentlemen's Club.

110.    At no point did Defendants ever compensate Plaintiffs for its use of their Images.

111.    No applicable privilege or authorization exists for Defendants' use of Plaintiffs' Images.

112.    Due to Defendants' violation of Plaintiffs' rights of privacy and publicity under Texas law, Plaintiffs have been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

113.    In addition, Plaintiffs hereby requests an Order permanently enjoining Defendants from violating Plaintiffs' right to privacy and publicity.

114.    In addition, Plaintiffs hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendants knowing and intentional violation of her statutory rights to privacy and publicity.

### FOURTH CAUSE OF ACTION
**(Defamation)**

115.    Plaintiffs hereby repeat and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

116.    As detailed throughout this Complaint, Defendants has published altered Images of Plaintiffs in order to promote Babes Gentlemen's Club to the general public and potential clientele.

117.     Defendants' publication of said Image constitutes a representation that Plaintiffs were either employed at Babes Gentlemen's Club, endorsed Babes Gentlemen's Club, or that she had some affiliation with Babes Gentlemen's Club.

118.     None of these representations were true.

119.     In publishing Plaintiffs' altered Images, it was Defendants' intention to create a false impression to the general public that Plaintiffs were a stripper working at Babes Gentlemen's Club, or endorsed the strip club.

120.     Defendants were at least negligent in publishing Plaintiffs' Images  because it knew, or should have known, that Plaintiffs were not employed by Babes Gentlemen's Club, had no affiliation with Babes Gentlemen's Club, had not consented to the use of her Image, and had not been compensated for the use of her Image.

121.     In the alternative, Defendants published the Image of Plaintiffs with actual malice because it knew that Plaintiffs were not employed by Babes Gentlemen's Club, had no affiliation with Babes Gentlemen's Club, had not consented to the use of her Image, and had not been compensated for the use of her Image.

122.     Despite Defendants' knowledge and awareness of these facts, it nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for itself.

123.     Defendants' publication of Plaintiffs' Images  constitutes defamation under Texas law because said publication falsely accuses Plaintiffs of having acted in a manner – *i.e.*, working as a stripper and/or endorsing a strip club - which would subject each Plaintiffs to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiffs of confidence and friendly intercourse in society.

124.    Defendants' publication of Plaintiffs' Images likewise constitutes defamation *per se* under Texas law because said publication would tend to injure each Plaintiffs in her trade, business, and profession.

125.    This is because any company or brand that sought to hire any of the Plaintiffs as a company or brand representative would be less likely to do so upon learning that she was a professional stripper and/or promoting as strip club, an inference which Defendants' publication of the Image support.

126.    Defendants' publication of Plaintiffs' Images likewise constitutes defamation *per se* under Texas law because, insofar as said publication falsely portrays each of the Plaintiffs as a stripper, it imputes unchastity to them.

127.    Defendants' publication of Plaintiffs' Image' caused Plaintiffs to suffer damages in an amount to be determined at trial, but in all events in an amount not less than seventy-five thousand ($75,000), exclusive of punitive and exemplary damages.

## FIFTH CAUSE OF ACTION
### (Negligence and *Respondeat Superior*)

128.    Plaintiffs hereby repeat and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

129.    Upon information and belief, Defendants were negligent in their failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Babes Gentlemen's Club Website and social media accounts.

130.    Said failure was the proximate cause of the harm Plaintiffs suffered when their Images were published without their authorization.

131.    In the alternative, and upon information and belief, although Defendants promulgated policies and procedures concerning the misappropriation of images, Defendants

nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Texas law, were not violated.

132.    In addition, Defendants had a duty to refrain from appropriating the Image of those with whom it had not contracted and had not paid.

133.    Defendants violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

134.    As a result of Defendants' negligence, Plaintiffs have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

## DEMAND FOR JURY TRIAL

135.    Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests Judgment in their favor and against Defendants as follows:

(a) For actual damages, in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), relating to Plaintiffs' first through fifth causes of action;

(b) For an order permanently enjoining Defendants from using Plaintiffs' Images to promote the Club;

(c) For punitive damages, in an amount to be determined at trial;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action;

(e) For such other and further relief as the Court may deem just and proper.

Dated: Helotes, Texas
      June 13, 2019

Respectfully submitted,

**The Casas Law Firm, P.C.**

11844 Bandera Road # 509

Helotes, Texas 78023
(512) 806-7699 Office
(855) 220-9626 Fax
joseph@casaslawfirm.com
dennis@casaslawfirm.com

_____
Joseph N. Casas *
California Bar No. 225800
Dennis C. Postiglione*
State Bar No. 24041711

**ATTORNEYS FOR PLAINTIFFS**

*Pro Hac Admission for Mr. Postiglione is pending
Mr. Casas is admitted in the Western District of Texas