IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANDRA CHERI MORELAND, BRENDA GEIGER, JESSICA KILLINGS, CLAUDIA SAMPEDRO, JESSICA BURCIAGA, KEELEY HAZELL, PAOLA CANAS, VIDA GUERRA,<br>　　　*Plaintiffs,*<br><br>v.<br><br>A-Q-B, LLC,<br>　　　*Defendant.* | § § § § § § § § § § § § § | CASE NO. 6-19-CV-00372-ADA |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Entry of Default Judgment. ECF Nos. 10, 12. Having reviewed the motion, the governing law, and the file as a whole, the Court now enters the following opinion and order granting the motion.

### I. BACKGROUND

This case concerns an action for damages and injunctive relief relating to Defendant A-Q-B, LLC d/b/a Babes Gentlemen's Club of Nolanville's ("Babes") misappropriation and unauthorized publication of images of Plaintiffs, who are world-renowned professional models, in order to promote its strip club. Each Plaintiff is a successful model/actress who earns her livelihood by promoting her image, likeness, and/or identity to select clients and commercial brands. Moreover, each Plaintiff relies on her professional reputation for modeling, acting, hosting and other professional opportunities to continue to ensure future success in the industry. In order to further her career, each Plaintiff seeks to control the use and dissemination of her image from unauthorized use.

1

Defendant is engaged in the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele. In furtherance of the operation of Babes Gentlemen's Club, A-Q-B, LLC owned, operated, and controlled Babes' social media accounts and used such social media to post advertisements for Babes. Many of these advertisements contained images of Plaintiffs, which were allegedly misappropriated and altered by Defendant to make it appear that Plaintiffs worked at or endorsed Babes. None of the Plaintiffs made such an appearance at the club or authorized Defendant to use their respective image and/or likeness in Babes' advertisements.

On June 13, 2019, Plaintiffs brought the instant action against Defendants for violations of the Lanham Act and other causes of action. ECF No. 1. Plaintiffs properly served Defendants. ECF Nos. 3, 8. However, Defendant has not answered, appeared, or otherwise defended themselves in this action. The Clerk of the Court entered a default on October 30, 2019. ECF No. 14. Plaintiff filed the instant Motion for Entry of Default Judgment on September 19, 2019. ECF Nos. 10, 12. On December 5, 2019, the Court held a hearing on the damages requested by Plaintiffs in their Motion for Default Judgment. Defendant has failed to respond or appear in this case.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(a). The plaintiff must also file an affidavit stating whether the defendant is in military service before the Court can issue a default

judgment. 50 U.S.C.A. § 3931 (West) (formerly 50 App. U.S.C. § 521(b)(1)). The Court may enter a final judgment without conducting a trial on liability. FED. R. CIV. P. 55(b).

Default judgments are disfavored and should only be granted in "extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, granting a default judgment is generally a matter of discretion of the Court. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

Obtaining a default judgment is a three-step process: (1) default by the defendant; (2) an entry of default; and (3) the default judgment itself, issued by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). However, there can be no default if the defendant has not been served. *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir.1995). The plaintiff bears the burden of showing that the summons and complaint were served upon the defendant on a certain date. *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Judgment cannot be rendered against a defendant unless the defendant has been served with process or has otherwise appeared or waived service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

In order to properly resolve a plaintiff's motion, the Court must determine: (1) whether default judgment is procedurally proper; (3) whether the plaintiff's complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) whether the requested relief is appropriate. *United States v. Giles¸*538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). After a default

judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M–Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

## III. DISCUSSION

Plaintiffs allege several claims against Defendant, including two violations of the Lanham Act (False Endorsement and False Advertising), Texas common law right to privacy, Texas common law defamation, and negligence. Plaintiffs have sufficiently set forth facts entitling them to relief. Pl.'s Mot. for Entry of Default J., Ex. A–J. Additionally, because Defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *See Shipco Gen*, 814 F.2d at 1014; *see also* 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 2688.1 (4th ed.). Therefore, the Court accepts the well-pleaded factual allegations in Plaintiffs' Complaint against Defendant A-Q-B, LLC.

Additionally, default judgment is procedurally warranted in this case. Defendant has been properly served and has failed to file an answer. The District Clerk's office filed an entry of default on October 30, 2019. ECF No. 14. Defendants have failed to respond to Plaintiff's Motion for Entry of Default Judgment or defend this case. Moreover, Plaintiff has submitted an affidavit showing that Defendant was properly severed. ECF No. 13, Ex. A. There is no indication that defendant's failure to respond is the result of a good faith mistake or excusable neglect. Nor is there anything before the Court that would oblige it to set aside a default. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Finally, Plaintiffs have alleged sufficient facts to support each of the causes of action Plaintiffs allege against Defendant. Because the Court accepts the well-pleaded factual allegations in Plaintiffs' complaint, the only questions for the Court to resolve are the amount of damages and whether a permanent injunction should be issued.

### A. Damages

A default does not establish liability for the amount of damage that plaintiff claims; instead, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded. *U.S. v. Proceeds of Drug Trafficking Transferred To Certain Foreign Bank Accounts*, 757 F. Supp. 2d 24 (D.D.C. 2010). Even upon a default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought. *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193 (N.D.N.Y. 2008).

The Court believes Plaintiffs have sufficiently set forth facts entitling it to relief. Pl.'s Mot. for Entry of Default J., Ex. A–I. Plaintiffs' damages expert, Mr. Stephen Chamberlin, provided detailed testimony at the hearing before the Court on December 5, 2019. Mr. Chamberlin calculated each individual plaintiffs' damages based on the fair market value of each Model's image for the specific appropriated use by Defendant. ECF No. 12–9 at ¶¶ 11–12. In short, Mr. Chamberlin calculated the amount of money each individual Plaintiff would and should have received for the use of her images by Defendant.

Mr. Chamberlin based his opinion on several factors that determine the rate a model is paid in the modeling industry. ECF No. 12–9 at 11–12. Mr. Chamberlin also testified that while estimating the actual damages for each individual Plaintiff, he employed the same approach, methodology, and process that he typically used when determining what to charge a company that is interested in hiring a model in the industry. Thus, the Court finds the methodology employed by Plaintiffs' expert is reasonable and based on the relevant industry practices.

Mr. Chamberlin calculated a damage spread for each individual Plaintiff based on several factors typically used in the modeling industry. He calculated the total damages in the amount of $287,500–$352,500, broken down as follows:

| Plaintiff | Fair Market Value Range |
|---|---|
| Ana Cheri | $75,000 - $90,000 |
| Brenda Geiger | $30,000 - $40,000 |
| Jessica Charm Killings | $15,000 - $22,500 |
| Jessica Burciaga | $35,000 - $40,000 |
| Keeley Hazell | $37,500 - $45,000 |
| Paola Canas | $37,500 - $45,000 |
| Vida Guerra | $35,000 - $40,000 |
| **TOTAL** | **$287,500 – $352,500**[1] |

Based on the testimony of Mr. Chamberlin at the default judgment hearing held by the Court, Mr. Chamberlin's expert report, and the supporting declarations submitted by the Plaintiffs, the Court finds that Plaintiffs are entitled to the requested $352,500. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

**B. Injunctive Relief**

Plaintiffs also seek a permanent injunction barring Defendant from using Plaintiffs' Images in advertising. A permanent injunction is appropriate if Plaintiff can prove: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve the public

---

[1] Plaintiffs' total damages are exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages.

interest. *Env't Tex. Citizen Lobby, Inc. v. ExxonMobile Corp.*, 824 F.3d 507, 533 (5th Cir. 2016). Courts have acknowledged that default against a defendant is tantamount to actual success on the merits. *See, e.g., Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp. 2d 782, 785 (E.D. Tex. 2006).

In this case, default is proper and constitutes success on the merits. Plaintiffs have demonstrated the absence of an adequate remedy at law. Further, Plaintiffs have no other adequate remedy at law because monetary damages will not prevent future infringing activity by Defendant. *See, e.g., W.B. Music Corp. v. Big Daddy's Entm't, Inc.,* No. EP–05–CA–267–PRM, 2005 WL 2662553, at *3 (W.D. Tex. Oct.18, 2005). It is not a burden on Defendants to abstain from appropriating the likeness of Plaintiffs without their permission. Finally, an injunction would further the public interest because it would ensure Defendant's compliance with the law. In light of these findings, the Court is granting a permanent injunction against Defendant barring Defendant's unauthorized use of Plaintiffs' likeness and/or image.

### C. Attorneys' Fees & Costs

Finally, Plaintiffs also request an award of attorneys' fees in their Complaint as well as their Motion for Defendant's violations of the Lanham Act. A district court should award reasonable attorney's fees if such relief would be appropriate under the Lanham Act. The Lanham Act gives this Court the discretion to award attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The Fifth Circuit has acknowledged that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.,* 951 F.2d 684, 697 (5th Cir.1992).

Here, the Court finds that Plaintiff should be awarded reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). Defendant's trademark misappropriation is nothing short of willful and deliberate. No Plaintiff gave Defendant permission to use her image and/or likeness in its advertising and Defendant was undoubtedly well aware of each model's notoriety. Additionally, an award of reasonable attorneys' fees is appropriate due to the fact that Defendant has completely disregarded this litigation by failing to appear. *See, e.g., Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) (noting that "a case may be deemed 'exceptional,' and merit an award of attorneys' fees under the Lanham Act, when Defendant disregards the proceedings and does not appear").

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorneys' fees. *Heidtman v. Cnty of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar fee is calculated by multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Id.* Once the calculation is made the court may raise or lower the calculated amount based on the weight of several factors set forth in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Under the lodestar method, the Court may not rule based on a default judgment alone. The Fifth Circuit requires that the claimants establish a reasonable hourly rate and the total number of hours expended on this litigation. For instance, an affidavit from a responsible attorney may set out these details adequately. *See, e.g., Tollett v. City of Kemah*, 285 F.3d 357, 367–69 (5th Cir. 2002). Here, Plaintiffs provided the Court with sufficient information needed to determine reasonable attorneys' fees. Plaintiffs' attorney set forth his calculation of reasonable attorneys' fees in enough detail in a supporting affidavit. *See* ECF No. 12–10 at 2–3. Therefore, the Court finds the Plaintiffs are entitled to reasonable attorneys' fees of **$7,452.50.**

Plaintiffs also ask for certain costs to be awarded against Defendant. Plaintiffs request $640.00 in reasonable and necessary costs and $4,400.00 for the creation of Plaintiffs' expert report. The Court finds both expenses reasonable and necessary; thus, Plaintiffs are entitled to both expenses.

## IV.   CONCLUSION

Based on the foregoing analysis of the facts and legal principles, Plaintiffs' Motion for Default Judgment is meritorious; therefore, Plaintiffs are entitled to a default judgment against Defendant. Accordingly:

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED** and that a Final Default Judgment be entered in this case.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiffs against Defendant in the amount of **$364,992.50**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for a permanent injunction barring Defendant from violating Plaintiffs' trademark rights is **GRANTED**.

**SIGNED** this 11th day of December 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE